# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

AMERICAN FAMILY MUTUAL
INSURANCE CO.,
          **Plaintiff,**

    **v.**                                  **Case No. 04C0428**

WHIRLPOOL CORPORATION,
          **Defendant.**

---

## DECISION AND ORDER

Plaintiff American Family Mutual Insurance Company brought this subrogation action in state court alleging negligence and strict products liability[1] against defendant Whirlpool Corporation. It seeks reimbursement from defendant for damages plaintiff paid to its insureds, Robert and Tammy Krug, arising out of a fire at their home.[2] Plaintiff alleges that the fire started in the motor compartment of a Kenmore refrigerator manufactured by defendant and spread to the rest of the house. Defendant timely removed the case based on diversity of citizenship. Plaintiff is incorporated and has its principal place of business in Wisconsin, and defendant is incorporated and has its principal place of business in Delaware. The case is worth more than the jurisdictional

---

[1]In its brief in opposition to defendant's summary judgment motion, plaintiff relies exclusively on a products liability theory; therefore, I will treat the case as one involving products liability.

[2]Plaintiff initially named Sears, Roebuck & Co., which installed the refrigerator, and its insurer, Liberty Mutual Insurance Corporation, as defendants but subsequently dropped its claims against them.

minimum. Under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), I apply state substantive law, and the parties agree that Wisconsin law applies.

Before me now is defendant's motion for summary judgment.

## I. FACTS

On November 6, 2001, a fire damaged the Krugs' home in Nashotah, Wisconsin. As their insurer, plaintiff paid them $359,471 to cover the damages caused by the fire. Plaintiff engaged Keith Otto of Neenah Engineering, Inc., a certified fire investigator and professional engineer, to investigate the cause of the fire. Otto concluded that "the probable cause of the fire was component failure located in the bottom rear cavity of the refrigerator." (Melvin Aff. Ex. B at 8.) Plaintiff then brought the present action alleging that the cause of the fire was a defective Kenmore refrigerator manufactured by defendant. I will state additional facts in the course of the decision.

## II. STANDARD OF REVIEW

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis deleted). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

2

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Once this burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989). Both parties must produce documentary evidence to support their contentions. Whetstine v. Gates Rubber Co., 895 F.2d 388, 392 (7th Cir. 1990).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

### III. DISCUSSION

In a products liability case, a plaintiff must prove that (1) the product was in a defective condition when it left the possession or control of the seller; (2) it was unreasonably dangerous to the user or consumer; (3) the defect was a cause of the

3

plaintiff's injuries or damages; (4) the seller engaged in the business of selling such product; and (5) the product was one that the seller expected to and did reach the user without substantial change in the condition it was in when he sold it. Jagmin v. Simonds Abrasive Co., 61 Wis. 2d 60, 65-66 (1973). Defendant has moved for summary judgment on the ground that plaintiff has not produced evidence from which a reasonable jury could find that the refrigerator was defective or that it caused the fire. In response, plaintiff argues that a jury could find that the refrigerator caused the fire based on Otto's conclusion that the fire originated from within the motor compartment of the refrigerator. And although plaintiff concedes that Otto does not conclude that the refrigerator contained a defective component, it argues that because Otto's testimony enables a reasonable jury to conclude that the motor compartment started the fire, a reasonable jury could infer, using res ipsa loquitur, that a component within the motor compartment was defective. I consider this argument below.

To prove that a defect in the refrigerator caused the fire, plaintiff has to show by a preponderance of the evidence that such defect was a substantial factor in producing the fire. See, e.g., Wis. JI – Civil § 1500 (2005). As mentioned, to satisfy this burden, plaintiff relies on Otto's conclusion that the fire originated from within the motor compartment of the refrigerator. Defendant states that Otto's testimony is insufficient to allow the jury to infer that the refrigerator caused the fire because he "failed to find any evidence of refrigerator failure, but nevertheless leapt to the unsupported conclusion that the refrigerator failed and caused the fire." (Reply Br. at 3.) However, although Otto does not conclude that any refrigerator components were defective, he concludes that the fire originated from within the motor compartment of the refrigerator. And defendant does not argue that Otto has

4

no basis for concluding that the fire originated from within the motor compartment. To the extent defendant means to challenge such conclusion, I find that it is supported by Otto's examination of the refrigerator. As Otto stated in his deposition, "[t]he basic meltdown of everything around [the motor compartment] implies that . . . heat came from within rather than outside the cabinet." (Otto Dep. at 97.) A reasonable jury could find this conclusion credible and infer from it that something within the motor compartment of the refrigerator caused the fire.

Because the jury could infer from Otto's testimony that the refrigerator caused the fire, it could also infer, using res ipsa loquitur, that the motor compartment contained a defective component. A jury may use res ipsa loquitur to infer negligence, or – in the case of products liability – a product defect, if it finds that the following three conditions are satisfied: (1) the accident was of a kind which ordinarily does not occur in the absence of someone's negligence or a product defect; (2) the accident was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff. See Ryan v. Zweck-Wollenberg Co., 266 Wis. 2d 630, 639 (1954) (listing elements of res ipsa loquitur); see also Jagmin v. Simonds Abrasive Co., 61 Wis. 2d 60, 65-83 (1973) (applying res ipsa loquitur in products liability case). As explained, in the present case, the jury could reasonably conclude from Otto's testimony that a component within the motor compartment of the refrigerator caused the fire. Further, the jury could reasonably conclude that refrigerator components do not normally cause fires unless they are defective. Finally, defendant does not contend that the motor compartment of the refrigerator was not within its exclusive control or that the fire was due to any voluntary

5

action by the Krugs.  Therefore, a reasonable jury could infer that one of the components within the motor compartment of the refrigerator was defective.[3]

## IV.  CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant's motion for summary judgment is **DENIED.**

Dated at Milwaukee, Wisconsin this 30 day of June, 2005.


/s_____
LYNN ADELMAN
District Judge

---

[3]Although, as defendant points out, the jury would have no basis to conclude which component within the motor compartment was defective, it need not do so.  Defendant was responsible for the entire refrigerator, and so plaintiff need not isolate which exact component malfunctioned.  It is enough that the jury can reasonably conclude that some component within the refrigerator malfunctioned, which, as explained, res ipsa loquitur allows it to do.

6