# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMERICAN FAMILY MUTUAL
INSURANCE CO.,**
        **Plaintiff,**

    v.                                      Case No. 04C0428

**WHIRLPOOL CORPORATION,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff American Family Mutual Insurance Company brought this subrogated product liability action against defendant Whirlpool Corporation, seeking reimbursement from defendant for damages plaintiff paid to its insureds arising out of a fire at their home. Plaintiff alleged that the fire started in the motor compartment of a Kenmore refrigerator manufactured by defendant and spread to the rest of the house. Defendants moved for summary judgment on the ground that plaintiff had not produced evidence from which a reasonable jury could find that the refrigerator was defective or that it caused the fire. I denied defendants motion based on plaintiff's ability to prove its claims of product defect under a theory of <u>res ipsa loquitur</u>. <u>American Family Mut. Ins. Co. v. Whirlpool Corp</u>., No. 04-C-0428, 2005 WL 1563341 (E. D. Wis. June 30, 2005). A jury trial commenced on September 12, 2005 on the above issues. Following the close of plaintiff's case, defendant moved for Judgment as a Matter of Law under Fed. R. Civ. P. 50(a). I reserved decision. The jury returned a verdict in favor of plaintiff. I now rule on defendant's motion.

## I. FACTS

As the facts remain the same, I will refer to them as stated in my order denying defendant's motion for summary judgment:

> On November 6, 2001, a fire damaged [Robert and Tammy] Krugs' home in Nashotah, Wisconsin. As their insurer, plaintiff paid them $359,471 to cover the damages caused by the fire. Plaintiff engaged Keith Otto of Neenah Engineering, Inc., a certified fire investigator and professional engineer, to investigate the cause of the fire. Otto concluded that "the probable cause of the fire was component failure located in the bottom rear cavity of the refrigerator." (Melvin Aff. Ex. B at 8.) Plaintiff then brought the present action alleging that the cause of the fire was a defective Kenmore refrigerator manufactured by defendant.

## II. STANDARD OF REVIEW

A federal court sitting in diversity applies state law in its consideration of a motion brought pursuant to Federal Rule of Civil Procedure 50. Allison v. Ticor Title Ins. Co., 979 F.2d 1187, 1195 (7th Cir.1992); Krist v. Eli Lilly and Co., 897 F.2d 293, 296 (7th Cir.1990). In Wisconsin, such motions are governed by Wis. Stat. § 805.14(1), (2) and (3). A verdict should be directed only when the evidence gives rise to no dispute as to the material issues, or when the evidence is "so clear and convincing as to reasonably permit unbiased and impartial minds to come to but one conclusion." Tanner v. Shoupe, 228 Wis. 2d 357, 375-76 (Ct. App.1999). If there is any credible evidence to sustain a cause of action, the case must be submitted to the jury. Warren v. Am. Family Mut. Ins. Co., 122 Wis. 2d 381, 384 (Ct. App 1984).

2

## III. DISCUSSION

As in its motion for summary judgment, defendant moves for judgment as a matter of law on the ground that plaintiff failed to produce evidence of a specific defective component from which a reasonable jury could find that the refrigerator was defective and caused the fire. In response, plaintiff argues that a jury could infer that the refrigerator caused the fire and was defective based on testimony from its experts.

In this case, plaintiff had the burden of proving, by a preponderance of the evidence, the elements of its product liability claim.[1] As to the first element of that claim, defective condition, plaintiff need not present evidence of a specific defect. Rather, under Wisconsin law, plaintiff may meet its burden by introducing evidence sufficient to support an inference of defect, under a theory of res ipsa loquitur. Jagmin v. Simonds Abrasive Co., 61 Wis. 2d 60, 65-83 (1973) (applying res ipsa loquitur in product liability case); see also Ryan v. Zweck-Wollenberg Co., 266 Wis. 630, 639 (1954).[2] To do so, plaintiff must demonstrate: (1) the accident was of a kind which ordinarily does not occur in the absence of someone's negligence or a product defect; (2) the accident was caused by an agency or instrumentality within the exclusive control of the defendant; See Id. at 639.

---

[1] These elements are: (1) the refrigerator was in a defective condition when it left the possession or control of Whirlpool; (2) it was unreasonably dangerous to the user or consumer; (3) the defect was a cause of injuries or damages; (4) the refrigerator was one that Whirlpool expected to and did reach the user without substantial change in the condition it was in when sold. Wis. JI -Civil § 3260; see also Jagmin v. Simonds Abrasive Co., 61 Wis. 2d 60, 65-66 (1973).

[2] As in the present case, the plaintiff in Ryan was unable to pinpoint any specific defect in the refrigerator but was able to proceed on her claims under a theory of res ipsa loquitur. Ryan, 266 Wis. at 639.

3

Under Wisconsin law, a verdict should be directed only when the evidence gives rise to no dispute as to the material issues. In this case, plaintiff has presented credible evidence to sustain its cause of action, in the form of testimony as to the cause of the fire, and the condition of the refrigerator. Keith Otto, plaintiff's engineer, testified that the fire originated from within the motor compartment of the refrigerator, although he was not able to point to a specific defective part within the compartment. In addition, both fire investigators, Richard Bach of the Waukesha County Sheriff's department and John Finnegan, investigator for defendant, opined that the fire originated in the kitchen, in the area of the refrigerator. Finally, defendants own expert, Stephen Boughton, also excluded the microwave and electrical outlet, which were adjacent to the refrigerator, as possible sources of the fire.

Although neither plaintiff's nor defendant's experts found evidence of a specific defect in the refrigerator, given the availability of the <u>res ipsa</u> inference, this in and of itself is not evidence "so clear and convincing as to reasonably permit unbiased and impartial minds to come to but one conclusion." <u>Tanner</u>, 228 Wis. 2d at 375-76. The jury could reasonably conclude from Bach and Finnegan's testimony that the fire started under the refrigerator, and specifically from Otto's testimony that a component within the motor compartment of the refrigerator caused the fire. Further, the jury could reasonably conclude that refrigerator components do not normally cause fires unless they are defective. Finally, defendant does not contend that the motor compartment of the refrigerator was not within its exclusive control or that the fire was due to any voluntary action by the homeowner. Therefore, a reasonable jury could infer that one of the components within the motor compartment of the refrigerator was defective. Although

4

defendant presents evidence to the contrary on each of these issues, "it is the jury's task . . . not this court's to sift and winnow the credibility of witnesses." State v. Toy, 125 Wis. 2d 216, 222 (Ct. App 1985). It was only proper, therefore, to submit the case to the jury.

### IV. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant's motion for judgment as a matter of law is **DENIED.**

Dated at Milwaukee, Wisconsin, this 15th day of September, 2005.

        s/Lynn Adelman
        LYNN ADELMAN
        U.S. District Judge