# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AMERICAN FAMILY MUTUAL INSURANCE CO.,**
    Plaintiff,

  v.              Case No. 04C0428

**WHIRLPOOL CORPORATION,**
    Defendant.

## DECISION AND ORDER

  Plaintiff American Family Mutual Insurance Company brought this diversity action against defendant Whirlpool Corporation seeking reimbursement for a payment that it made to an insured whose house burned down. Plaintiff alleged that defendant sold the insured a refrigerator that was defective and caused the fire. After a trial, the jury found for plaintiff. Pursuant to Fed. R. Civ. P. 50(b), defendant now moves for judgment as a matter of law on the ground that plaintiff adduced insufficient evidence to enable a reasonable jury to find for plaintiff. Alternatively, pursuant to Fed. R. Civ. P. 59, defendant moves for a new trial on the ground that it did not receive a fair trial because I declined to grant its request for a spoliation instruction. I conclude that neither of defendant's motions has merit.

### I. FACTS AND BACKGROUND

  I recount the facts in the light most favorable to plaintiff for two reasons. First, to the extent that I am considering defendant's motion under Fed. R. Civ. P. 50 for judgment as a matter of law, I am obliged to view the facts in the light most favorable to the non-moving

party. Molnar v. Booth, 229 F.3d 593, 597 (7th Cir. 2000). Second, to the extent that I am reviewing the jury's verdict, I must view the facts in the light that supports the verdict. McCalpine v. Foertsch, 870 F.2d 409, 414 (7th Cir. 1989).

On November 6, 2001, a fire damaged the home of Robert and Tammy Krug, which plaintiff insured. Pursuant to its policy, plaintiff paid the Krugs $359,471. Plaintiff engaged Keith Otto, a certified fire investigator and professional engineer, to investigate the fire. Otto performed an investigation and approximately eight months later submitted a report concluding that "the probable cause of the fire was component failure located in the bottom rear cavity of the refrigerator." (Melvin Aff. Ex. B at 8.) Plaintiff then commenced the present action. After the conclusion of discovery, defendant moved for summary judgment, arguing that plaintiff had not produced evidence from which a reasonable jury could find that the refrigerator was defective or that it caused the fire. I denied the motion, stating in part that:

> To prove that a defect in the refrigerator caused the fire, plaintiff has to show by a preponderance of the evidence that such defect was a substantial factor in producing the fire. See, e.g., Wis. JI – Civil § 1500 (2005). As mentioned, to satisfy this burden, plaintiff relies on Otto's conclusion that the fire originated from within the motor compartment of the refrigerator. Defendant states that Otto's testimony is insufficient to allow the jury to infer that the refrigerator caused the fire because he "failed to find any evidence of refrigerator failure, but nevertheless leapt to the unsupported conclusion that the refrigerator failed and caused the fire." (Reply Br. at 3.) However, although Otto does not conclude that any refrigerator components were <u>defective</u>, he concludes that the fire originated from within the motor compartment of the refrigerator. And defendant does not argue that Otto has no basis for concluding that the fire originated from within the motor compartment. To the extent defendant means to challenge such conclusion, I find that it is supported by Otto's examination of the refrigerator. As Otto stated in his deposition, "[t]he basic meltdown of everything around [the motor compartment] implies that . . . heat came from within rather than outside the cabinet." (Otto Dep. at 97.) A reasonable jury could find this

2

conclusion credible and infer from it that something within the motor compartment of the refrigerator caused the fire.

Because the jury could infer from Otto's testimony that the refrigerator caused the fire, it could also infer, using res ipsa loquitur, that the motor compartment contained a defective component. A jury may use res ipsa loquitur to infer negligence, or – in the case of products liability – a product defect, if it finds that the following three conditions are satisfied: (1) the accident was of a kind which ordinarily does not occur in the absence of someone's negligence or a product defect; (2) the accident was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff. See Ryan v. Zweck-Wollenberg Co., 266 Wis. 630, 639 (1954) (listing elements of res ipsa loquitur); see also Jagmin v. Simonds Abrasive Co., 61 Wis. 2d 60, 65-83 (1973) (applying res ipsa loquitur in products liability case). As explained, in the present case, the jury could reasonably conclude from Otto's testimony that a component within the motor compartment of the refrigerator caused the fire. Further, the jury could reasonably conclude that refrigerator components do not normally cause fires unless they are defective. Finally, defendant does not contend that the motor compartment of the refrigerator was not within its exclusive control or that the fire was due to any voluntary action by the Krugs. Therefore, a reasonable jury could infer that one of the components within the motor compartment of the refrigerator was defective.[1]

[1] Although, as defendant points out, the jury would have no basis to conclude which component within the motor compartment was defective, it need not do so. Defendant was responsible for the entire refrigerator, and so plaintiff need not isolate which exact component malfunctioned. It is enough that the jury can reasonably conclude that some component within the refrigerator malfunctioned, which, as explained, res ipsa loquitur allows it to do.

(June 30, 2005 Decision & Order.)

At the trial, Otto essentially repeated his deposition testimony, stating that in his opinion, "there was a heat situation caused by one, two or three components that had been nested together in the compartment [of the refrigerator] that overheated and that heat was transferred under the outer surface, namely to the floor, and that caused the fire." (Trial Tr. vol. 2 at 132:13-17, September 13-14, 2005.) In addition, two fire investigators, Richard

Bach of the Waukesha County Sheriff's Department and John Finnegan, opined that the fire originated in the kitchen in the area of the refrigerator. At the close of plaintiff's case, defendant moved for judgment as a matter of law. I reserved decision and after the trial denied the motion, stating in part:

> The jury could reasonably conclude from Bach and Finnegan's testimony that the fire started under the refrigerator, and specifically from Otto's testimony that a component within the motor compartment of the refrigerator caused the fire. Further, the jury could reasonably conclude that refrigerator components do not normally cause fires unless they are defective. Finally, defendant does not contend that the motor compartment of the refrigerator was not within its exclusive control or that the fire was due to any voluntary action by the homeowner. Therefore, a reasonable jury could infer that one of the components within the motor compartment of the refrigerator was defective. Although defendant presents evidence to the contrary on each of these issues, "it is the jury's task . . . not this court's to sift and winnow the credibility of witnesses." State v. Toy, 125 Wis. 2d 216, 222 (Ct. App 1985). It was only proper, therefore, to submit the case to the jury.

(Sept. 15, 2005 Decision & Order.)

After all the evidence had been received, defendant asked me to instruct the jury on spoliation. Specifically, defendant requested that I instruct the jury that it could infer from the fact that plaintiff permitted the Krugs to rebuild their house without first advising defendant that it could inspect the remains of the basement that such an inspection would have uncovered evidence detrimental to plaintiff's claims. I declined to give a spoliation instruction both because defendant's request was untimely and because I concluded that the facts did not warrant it. Defendant's request was untimely because it was not made at the pretrial conference as required by this district's local rules and by my scheduling order. Further, defendant gave no explanation for not requesting the instruction in a timely manner. With respect to the merits, I concluded that plaintiff had not wrongly destroyed

relevant evidence because at the time it allowed the Krugs to rebuild their house, no inspector had suggested that the fire had started in the basement.

## II. DISCUSSION

**A.     Rule 50 Motion**

The standard for evaluating the sufficiency of the evidence is defined by federal law. Mayer v. Gary Partners & Co., 29 F.3d 330, 335 (7th Cir. 1994). Under federal law, such a motion may be granted only if no reasonable jury could have reached the verdict in question. Id. The elements of the claim are defined by state law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Defendant's motion thus raises essentially the same issue as I addressed in my decisions denying defendant's motion for summary judgment and its motion at the close of plaintiff's case, both of which I previously quoted. Once again, I conclude that there was sufficient evidence to support a finding in favor of plaintiff. Fire investigators Bach and Finnegan testified that the fire started in the kitchen in the area underneath the refrigerator, and Otto testified that the fire began in the motor compartment of the refrigerator. In addition, defendant's expert Stephen Boughton excluded the microwave and the electrical outlet, both of which were near the refrigerator, as possible sources of the fire.

Contrary to defendant's assertion, Otto had a sufficient evidentiary basis for concluding that the refrigerator caused the fire. He based his conclusion on the intense heat that was generated in the motor compartment of the refrigerator and the substantial damage that such heat caused to the components of the compartment. Based on the intense heat and the burn pattern, he determined that the linoleum beneath the

5

refrigerator, which was relatively combustible, had ignited. Also, contrary to defendant's assertion, plaintiff introduced sufficient evidence to support an inference based on res ipsa loquitur that the refrigerator was defective. Plaintiff established that the accident was of a kind that ordinarily does not occur in the absence of negligence, that it was caused by an instrumentality within defendant's exclusive control, and that the accident was not due to any voluntary action by the Krugs.

Thus, the record contains more than enough evidence to conclude that the fire started in the refrigerator and that the refrigerator was defective. Defendant cites a number of cases addressing the admissibility of evidence under <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), but these cases are inapposite as defendant made no <u>Daubert</u> motion challenging the reliability of plaintiff's expert evidence.

**B.    Rule 59 Motion**

With respect to defendant's motion for a new trial, under federal law, such a motion is addressed to the sound discretion of the trial judge. <u>Fort Howard Paper Co. v. Standard Havens, Inc.</u>, 901 F.2d 1373, 1377 (7th Cir. 1990). The Seventh Circuit has recognized that a new trial may be granted in three instances: "(1) the verdict is against the clear weight of the evidence; (2) the damages are excessive; or (3) the trail was unfair to the moving party." <u>Allison v. Ticor Ins. Co.</u>, 979 F.2d 1187, 1196 (7th Cir. 1992). In the present case, defendant appears to argue that the trial was unfair. Defendant contends that plaintiff should not have permitted the Krugs to rebuild their home without first advising it that it could inspect the remains of the basement, and that I should have instructed the jury that it could infer that such an inspection would have disclosed evidence unfavorable to plaintiff.

I denied defendant's requested instruction because it was untimely and because I concluded that the facts did not warrant it. As to timeliness, under Fed. R. Civ. P. 51(a)(1), a party must file requests for jury instructions at a "reasonable time that the court directs." I directed defendant to file such requests in its pretrial report, as is also required by Civil L.R. 16.3. However, defendant did not comply with such order. Instead, defendant filed its request after all the evidence had been received and just before the case was to be submitted to the jury. Under Rule 51(a)(2), a party may file requests for instructions after the close of evidence on issues "that could not have been reasonably anticipated." However, defendant's request for a spoliation instruction could have been reasonably anticipated because defendant had long been aware of the issue, and in fact had written a letter to plaintiff about it two and a half years previous. Thus, Rule 51(a)(2)(A) is of no help to defendant. Moreover, if I had given the requested instruction even though it was untimely, plaintiff would have been seriously prejudiced. Plaintiff vigorously disputed that it had spoliated evidence and at such late date would have been unable to present evidence in support of its contention. It also would have had very little time to research legal arguments. Thus, my decision not to instruct the jury on spoliation because of the untimeliness of the request was correct.

I also concluded that even if defendant had timely requested a spoliation instruction, the facts of the case did not warrant it. Defendant's complaint that plaintiff should not have let the Krugs rebuild the house without first making the basement available for inspection is one of pre-filing spoliation. No federal rule governs actions that occur before a lawsuit is filed. Thus, the conduct in question is governed by state law. Beil v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994); Thomas v. Bombadier-Rotax Motorenforbrik,

7

909 F. Supp. 585, 587 (N.D. Ill. 1996). To be entitled to a spoliation instruction under Wisconsin law, defendant had "to prove to a reasonably certainty by evidence that was clear, satisfactory and convincing" that the plaintiff "intentionally destroyed or fabricated evidence." Jagmin, 61 Wis. 2d at 81. "In Wisconsin, the operation of the maxim omnia praesumunter contra spoliation is reserved for deliberate, intentional actions and not mere negligence even though the result may be the same as regards the person who desires the evidence." Id.; see also Ins. Co. of N. Am. v. Cease Elec. Inc., 269 Wis. 2d 286, 294-95 (Ct. App. 2003) (stating that a court should give a spoliation instruction only if the party that destroyed evidence knew or should have known that litigation was a distinct possibility and that the evidence destroyed was relevant to the litigation).

In the present case, defendant did not satisfy its burden of justifying a spoliation instruction. Although it was reasonably foreseeable when plaintiff allowed the Krugs to rebuild their home that the fire would lead to litigation, there is no evidence that plaintiff knew or should have known that it was necessary to preserve the basement as relevant evidence. Neither its own investigators nor the sheriff's investigator had suggested that the fire started in the basement. Otto preliminarily concluded that the fire started in the refrigerator, and it and the other electrical devices were preserved. Thus, plaintiff did not allow evidence to be destroyed that it had reason to believe would be relevant to potential litigation. Defendant has, therefore, not met its burden of demonstrating that an instruction was warranted under the standard outlined in Jagmin. For this reason also, my decision not to give a spoliation instruction was correct.

8

## III.  CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendant's motion for judgment as a matter of law and its alternative motion for a new trial are **DENIED**

Dated at Milwaukee, Wisconsin, this 14 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge